```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ZENA COHEN,                              :     10 Civ. 7828(DLC)
                                         :
                    Plaintiff,           :     OPINION & ORDER
                                         :
          -v-                            :
                                         :
MARCI B. STROUCH and DAIICHI SANKYO,     :
INC.,                                    :
                                         :
                    Defendants.          :
                                         :
-----------------------------------------X
```

Appearances:

For the plaintiff:
David Jaroslawicz
Jaroslawicz & Jaros, LLC
225 Broadway
suite 2410
New York, NY 10007

For the defendants:
Bryon L. Friedman
Littleton, Joyce, Ughetta, Park & Kelly, LLP
39 Broadway
34th Floor
New York, NY 10006
-and-
James C. Ughetta
Littleton, Joyce, Ughetta, Park & Kelly LLP
1 Manhattanville Road, Suite 302
Purchase, NY 10577


DENISE COTE, District Judge:

    Defendants Marci B. Strouch ("Strouch") and Daiichi Sankyo,

Inc. ("DSI," and together, "Defendants") have moved to

disqualify counsel for plaintiff Zena Cohen ("Cohen") in this action.  For the following reasons, the motion is granted.

BACKGROUND

This action arises out of a September 27, 2010 motor vehicle accident.  Cohen, the driver of one of the vehicles, claims that she suffered severe injuries as a result of the crash.  There was also a passenger in Cohen's vehicle, Jeny Wiskautan ("Wiskautan"), who is not a party to this action.  The driver of the other vehicle involved in the accident was defendant Strouch.  Cohen alleges that at the time of the accident, Strouch was driving her vehicle within the scope of her employment for defendant DSI.  Cohen alleges that the defendants' negligence resulted in her physical injury and emotional damages.

Wiskautan has brought a separate action in state court arising out of the same car accident against Cohen, Strouch and DSI, alleging that these parties' negligence resulted in her severe physical injury and emotional damages (the "State Court Action").  Wiskautan's complaint alleges that all three defendants should be jointly and severally liable for her injuries.

Cohen concedes that her counsel in this action, the firm Jaroslawicz Jacobs, LLC ("Jaroslawicz Jacobs"), is affiliated

with Elizabeth Eilender ("Eilender"), who represents Wiskautan in the State Court Action.  The website of Jaroslawicz Jacobs lists Eilender as "of counsel" and states that she is "one of the firm's senior trial attorneys."

Cohen filed this action on October 13, 2010.  Defendants answered in November 2010 and filed this motion to disqualify on February 7, 2011.  The motion was fully submitted on February 14.[1]

DISCUSSION

I.  Attorney Disqualification in the Context of Concurrent Representation of Parties with Adverse Interests

"The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process."  Hempstead Video, Inc. v. Incorporated Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citation omitted).  Furthermore, a "court is under a continuing obligation to supervise the members of its Bar."  Dunton v. County of Suffolk, State of New York, 729 F.2d 903, 909 (2d Cir. 1984) (citation omitted).

"In deciding whether to disqualify an attorney, a district court must balance a client's right freely to choose his counsel against the need to maintain the highest standards of the

---

[1] Cohen's recitation of the parties' discovery disagreements is irrelevant to this motion to disqualify.

profession." GSI Commerce Solutions, Inc. v. Babycenter L.L.C., 618 F.3d 204, 209 (2d Cir. 2010) (citation omitted). Motions to disqualify counsel are subject to strict scrutiny because of their potential to be used for tactical purposes. Murray v. Metropolitan Life Ins. Co., 583 F.3d 173, 178 (2d Cir. 2009). "[E]ven when made in the best of faith, such motions inevitably cause delay" in the litigation. Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). As the Second Circuit has explained:

> [D]isqualification has been ordered only in essentially two kinds of cases: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client, or more commonly (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation.

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764-65 (2d Cir. 1990) (quoting Nyquist, 590 F.2d at 1246). In reviewing disqualification motions, courts "often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules," however, "such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to disqualification." Hempstead Video, 409 F.3d at 132. "Instead, disqualification is warranted only if an attorney's conduct tends to taint the underlying trial." GSI, 618 F.3d at 209 (citation omitted).

When a conflict of interest is found, "[a]n attorney's conflicts are ordinarily imputed to his firm based on the presumption that associated attorneys share client confidences." Hempstead Video, 409 F.3d at 133.  Therefore,

> if one attorney in a firm is disqualified from representing a client, then all attorneys in the firm are disqualified.  This is so because there is an irrebuttable presumption of shared confidences among attorneys employed by the firm which forecloses the firm from representing others in the future in substantially related matters.

Solow v. W.R. Grace & Co., 83 N.Y.2d 303, 306 (1994) (citation omitted).  "[D]isqualification extends to individuals associated with a firm in a lesser capacity, for example, a law clerk.  And we have never believed that labels alone [of] partner, clerk, co-counsel should control our decisions in so sensitive an area."  Fund of Funds, Ltd. v. Arthur Anderson & Co., 567 F.2d 225, 235 (2d Cir. 1977) (citation omitted).

"One established ground for disqualification is concurrent representation, an attorney's simultaneous representation of one existing client in a matter adverse to another existing client." GSI, 618 F.3d at 209.  "Because concurrent representation is prima facie improper, it is incumbent upon the attorney to show, at the very least, that there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation.  [The Second Circuit has] noted that this is a

5

burden so heavy that it will rarely be met." Id. (citation omitted).

The New York Rules of Professional Conduct, as adopted on April 1, 2009, includes Rule 1.7, entitled "Conflict of Interest: Current Clients":

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either:
>     (1) <u>the representation will involve the lawyer in representing differing interests</u>; or
>     (2) there is a significant risk that the lawyer's professional judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests.
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>     (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>     (2) the representation is not prohibited by law;
>     (3) <u>the representation does not involve the assertion of a claim by one client against another client</u> represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>     (4) each affected client gives informed consent, confirmed in writing.

22 NYCRR § 1200.7 ("Rule 1.7") (emphasis supplied). Comment 17 to Rule 1.7 describes conflicts under Rule 1.7(b)(3) as "nonconsentable because of the institutional interest in vigorous development of each client's position when the clients are aligned directly against each other in the same litigation or other proceeding before a tribunal." New York State Bar

Association, <u>Comments to the New York Rules of Professional Conduct</u> 38 (amended January 28, 2011), <u>available at</u> http://www.nysba.org/Content/NavigationMenu/ForAttorneys/ProfessionalStandardsforAttorneys/NYRulesofProfessionalConductupdatedcommentsjan2011.pdf.  Rule 1.10(a) of the New York Rules of Professional Conduct provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7, 1.8 or 1.9, except as otherwise provided therein."  22 NYCRR § 1200.10(a) ("Rule 1.10(a)").

New York courts have found that it is a "well-established rule that a lawyer may not represent a client in a matter and thereafter represent another client with interests materially adverse to interests of the former client in the same or a substantially related matter."  <u>Kassis v. Teacher's Ins. & Annuity Ass'n</u>, 93 N.Y.2d 611, 615-16 (1999).  Rule 1.7 shows that this principle holds with equal, and perhaps greater, force when the representations are concurrent.  New York courts have applied this principle specifically to concurrent representation of both the driver of an automobile involved in an accident as well as a passenger in the same automobile.  Even when the driver and passenger are family members and co-plaintiffs in an action, concurrent representation of these parties will result in a conflict of interest due to their differing interests.

7

Sidor v. Zuhoski, 690 N.Y.S.2d 637, 638-39 (2d Dep't 1999); Pessoni v Rabkin, 633 N.Y.S.2d 338, 338-39 (2d Dep't 1995).

The concurrent representation of Cohen and Wikautan in actions arising out of the same motor vehicle accident by attorneys associated with each other at Jaroslawicz Jacobs is a violation of Rule 1.7, prima facie improper and requires disqualification in this Circuit.[2]  See GSI, 618 F.3d at 209; Rule 1.7.  It is undisputed that Wiskautan has brought a claim against Cohen in the State Court Action seeking to hold Cohen jointly and severally liable for her injuries related to the motor vehicle accident.  There is an actual conflict of interest because Jaroslawicz Jacobs concurrently represents clients whose interests are clearly adverse to one another, an even more obvious conflict than the hypothetical ones addressed by Sidor and Pessoni, where counsel were also disqualified.  Sidor, 690 N.Y.S.2d at 638-39; Pessoni, 633 N.Y.S.2d at 338-39.  Thus, Jaroslawicz Jacobs cannot meet the "heavy" burden of showing that there is "no actual or apparent conflict in loyalties or

---

[2]   Cohen does not argue that Eilender is not sufficiently associated with Jaroslawicz Jacobs for her representation of Wiskautan to create a potential conflict.  The evidence presented, including Eilender's biography on the Jaroslawicz Jacobs website and Cohen's husband's affidavit stating that he values the coordination of strategy between counsel for Cohen and Wiskautan, indicate that Eilender is a close affiliate, and perhaps an integral member, of Jaroslawicz Jacobs.

8

diminution in the vigor of his representation." GSI, 618 F.3d at 209.

II. Standing

Cohen argues that this motion should be denied because Defendants have no standing. Defendants are not current or former clients of Jaroslawicz Jacobs, and Cohen correctly points out that many of the leading cases on the issue of concurrent representation, including those cited by Defendants, addressed motions to disqualify brought by parties who themselves were current or former clients of the law firm they sought to disqualify. See GSI, 618 F.3d 204; Hempstead Video, 409 F.3d 127.

Even if Defendants lack standing, however, this does not mean that the conflict issues should not be addressed or that Defendants brought the motion in bad faith. Quite to the contrary, "[a]ttorneys are officers of the court, and are obligated to adhere to all disciplinary rules and to report incidents of which they have unprivileged knowledge involving violations of a disciplinary rule." Dunton, 729 F.2d at 909 (citation omitted). Even when the interests of their client are unaffected by a violation of ethical disciplinary rules, opposing counsel should call them to the attention of the court. Id. Any lack of standing is moot, since the court should exercise its "inherent power to preserve the integrity of the

9

adversary process" when possible conflicts arise. Hempstead Video, 409 F.3d at 132 (citation omitted).

III. Unavoidable Conflict

Cohen also argues that any possible conflict is avoidable, as Wiskautan's claim against Cohen is dependent on whether the Defendants, which are also defendants in the State Court Action, claim that Cohen was negligent or otherwise culpable for the motor vehicle accident. Therefore, Cohen, her husband, and Cohen's counsel all affirm that they believe that the Jaroslawicz Jacobs will be able to avoid any conflict during the concurrent representation, because, they allege, the fault clearly lies with Defendants alone. Cohen further argues that it is beneficial for there to be coordination between her attorneys and Wiskautan's counsel, and that they are "united in interest" against the Defendants.

But Wiskautan, as might be expected from someone in her position, has levied claims against all parties who might be responsible for her damages and who could be a source of recovery, including Cohen. The State Court Action complaint clearly seeks to hold Cohen jointly and severally liable with the Defendants. Wiskautan thus has an interest directly contrary to Cohen's -- namely, her recovery at Cohen's expense.

Where, as here, an attorney or firm takes on multiple representations that will require advocating a position for one

10

client that would directly adversely affect another client's interest, there is an "imminent threat of a serious conflict," making disqualification appropriate from the start of the proceedings.  Dunton, 729 F.2d at 907.  Even where a firm "strenuously . . . labor[s] to avoid any prejudice to the interests" of the clients it is concurrently representing, participation in a lawsuit by one client against the other will result in a violation of professional standards."  Fund of Funds, 567 F.2d at 233.  Even if an actual conflict is somehow avoided, a firm must be disqualified to "avoid not only the fact, but even the appearance, of representing conflicting interests."  Cinema 5 Ltd. v. Cinerama, Inc., 528 F.2d 1384, 1387 (2d Cir. 1976) (citation omitted).

Even where a passenger has not brought a claim against the driver of the car they were in at the time of an accident, a conflict arises from the concurrent representation of driver and passenger because there is the potential for such a claim.  See, e.g., Sidor, 690 N.Y.S.2d at 638-39; Shaikh ex rel. Shaikh v. Waiters, 710 N.Y.S.2d 873, 875 (Nassau County Sup. Ct. 2000) ("[m]erely because [a passenger] fails to assert a counterclaim against [a driver], does not resolve the issue of [the driver's] negligence, so to eliminate the potentially differing interests" of these clients).  This conflict, therefore, is unavoidable.

11

This conflict is evident even within the briefing on this motion.  Jaroslawicz Jacobs filed with its opposition memorandum of law an affidavit by Cohen which describes Wiskautan's injuries as "minor."  The affidavits of both Cohen and Cohen's husband also state that recovery by Wiskautan could not possibly exceed Cohen's insurance coverage.  These statements appear to be against the interest of Wiskautan, who has alleged in the State Court Action that she suffered "severe and permanent injuries," and who, it can be assumed, would not want to admit at this early stage in the State Court Action a limitation of her potential recovery.  It is precisely this type of conflict that is meant to be avoided by the rule against concurrent representation of clients with adverse interests.

IV. Non-Waivablility of This Conflict

Cohen argues that even if there is an actual conflict of interest, it can be waived, and that she does indeed waive it through her affidavit.  But, Rule 1.7 states that a conflict is non-waivable when "the representation . . . involve[s] the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal."  Rule 1.7(b).  Even when "both affected clients have provided affidavits stating that each has been fully informed by counsel of the implications of the simultaneous representation, and each consents," New York law

"also requires a belief under a reasonable lawyer standard . . . that the attorney will be able to provide competent and diligent representation to each affected client." Paladino v. Skate Safe, Inc., 2010 WL 3359550, at *2 (Nassau County Sup. Ct. Aug. 16, 2010) (citation omitted).  When one party's interest could adversely affect the other, a court may conclude that "such a belief would not be reasonable."  Id. at *3.  Therefore, "client consent that is given is not valid if the objective test of a disinterested lawyer is not met."  Shaikh, 710 N.Y.S.2d at 876 (finding that "a disinterested lawyer would not believe that there can be competent representation" where a firm concurrently represents a driver and passenger involved in a motor vehicle accident).[3]

Cohen is correct that some of the cases relied upon by Defendants found that disqualification was necessary only in the absence of client consent.  See, e.g., GSI, 618 F.3d at 212-14.  But these cases addressed conflicts arising from representation of a client who is adverse either to the interests of another client in unrelated matters, or to the interests of a former client.  Here, however, Jaroslawicz Jacobs concurrently

---

[3] Even if the conflict of concurrent representation in related matters were waivable, Jaroslawicz Jacobs could not cure it without the waiver of Wiskautan.  Jaroslawicz Jacobs has not presented any evidence that Wiskautan has waived this conflict, or is even aware of it.

represents two clients with adverse interests in the same matter, albeit in different courts.[4]

V.   Delay

Cohen argues that her counsel's concurrent representation of Wiskautan is "not a surprise" to the Defendants, and that Defendants impermissibly delayed by bringing this motion two months after first mentioning the potential conflict during a December 6, 2010 conference before the Court.  There was no delay here; Defendants promptly raised this issue at the December 6 conference, and after Jaroslawicz Jacobs was given time to withdraw and failed to do so, Defendants filed this motion.[5]

---

[4]   Cohen argues that it is "misleading and inappropriate" for Defendants to cite to cases in which disqualification motions were denied, and likens this to the ethical violation of failing to cite controlling authority, as in Cicio v. City of New York, 469 N.Y.S.2d 467 (2d Dep't 1983).  This inflammatory charge is itself misleading and inappropriate, as Defendants cited to these cases appropriately for general principles of professional responsibility rules, and do not misrepresent their holdings.

[5]   Cohen also seems to argue that this motion was brought in order to prevent this case from proceeding.  This argument, of course, misunderstands the effect of a motion to disqualify. Although Jaroslawicz Jacobs is disqualified from continuing this representation, Cohen may proceed in this suit pro se or find replacement counsel to represent her for the remaining proceedings and, if necessary, trial.

CONCLUSION

Jaroslawicz Jacobs's concurrent representation of Cohen in this action and Wiskautan in the State Court Action is a violation of Rule 1.7 and of the standards in this Circuit for professional conduct.[6] Defendants' motion to disqualify Jaroslawicz Jacobs as counsel for Cohen is granted. The Clerk of Court shall terminate the appearance of any attorneys associated with Jaroslawicz Jacobs in this action.

Cohen may proceed in this action pro se or find new counsel. A scheduling order accompanies this Opinion.

Dated:  New York, New York
        March 24, 2011

                                    _____
                                            DENISE COTE
                                    United States District Judge

---

[6] The motion for sanctions is frivolous. It was Defendants' duty to bring this conflict to the Court's attention.

15