```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
ZENA COHEN,                             :
                  Plaintiff,            :    10 Civ. 7828 (DLC)
                                        :
            -v-                         :    OPINION AND ORDER
                                        :
MARCI B. STROUCH and DAIICHI SANKYO,    :
INC.,                                   :
                  Defendants.           :
                                        :
----------------------------------------X
```

APPEARANCES:

For plaintiff:
Joshua D. Kelner
Ronald C. Burke
Kelner & Kelner, Esqs.
140 Broadway, 37th Floor
New York, NY 10005

For defendants:
Bryon L. Friedman
James C. Ughetta
Littleton, Joyce, Ughetta, Park & Kelly, L.L.P.
4 Manhattanville Road, Suite 202
Purchase, NY 10577


DENISE COTE, District Judge:

Plaintiff Zena Cohen ("Cohen") brings this action asserting a claim of negligence against defendant Marci B. Strouch ("Strouch") and Daiichi Sankyo, Inc. ("DSI") arising out of a collision between vehicles driven by Cohen and Strouch. On October 4, 2011, Cohen filed a motion for partial summary judgment on the issue of the defendants' liability and their

affirmative defense that Cohen was comparatively negligent.  For the following reasons, her motion is granted.

BACKGROUND

The following facts are undisputed unless otherwise noted. Cohen is a citizen of New York.  Strouch is a citizen of Connecticut and an employee of DSI.  DSI is a corporation organized in Delaware with a principal place of business in New Jersey.

I.   Approaching the Intersection of the Collision

On September 27, 2010, Strouch was attending a meeting for DSI in Long Beach, New York.  DSI had provided Strouch with a Toyota Camry, and she was driving that vehicle on September 27 within the scope of her employment.

On the morning of September 27, Strouch was driving to the location of her meeting along West Park Avenue in Long Beach. West Park Avenue has six lanes going in two directions, three headed east and three headed west.  It intersects with National Boulevard, which has northbound and southbound lanes of traffic. In the area of this intersection, West Park Avenue's east and westbound lanes are separated by an approximately 66-foot wide median that was used for parking.  The median was wide enough to have more than one row of cars parked in it at an angle.  Cohen testified that this median effectively divided West Park Avenue

into two roads, one with eastbound lanes and one with westbound lanes.  The intersection of West Park Avenue and National Boulevard was controlled by traffic lights.  Cohen and a third party witness, Bohdan Pilczak ("Pilczak"), testified that when vehicles on West Park Avenue had a green light, those on National Boulevard would have a red light, and vice-versa.

When Strouch arrived at the intersection with National Boulevard, she made a left turn to proceed southbound on National Boulevard.  At the time, the traffic light for vehicles traveling west on West Park Avenue, as she had been traveling before turning, was green.  After she turned, Strouch proceeded through the portion of the intersection where National Boulevard was flanked on the west and east by the wide median, and then proceeded into the portion of the intersection where National Boulevard crossed the eastbound lanes of West Park Avenue.  Strouch testified that as she passed through the median-bounded portion of the intersection, she did not look overhead to see if there were any traffic control devices, but she assumes that there was one based on the resulting collision she experienced.  She came to the conclusion later that she had probably passed through a red light.

At the same time, Cohen was driving her vehicle east on West Park Avenue in the center lane of eastbound traffic approaching the intersection with National Boulevard at about

3

twenty-five miles per hour.  There were no cars traveling directly next to her in the left-most (and most northern) eastbound lane.  Pilczak's vehicle was one or one and a half car lengths behind Cohen's vehicle, but in the left-hand lane.  As she approached and crossed into the intersection, Cohen saw that the traffic light for eastbound vehicles on West Park Avenue, such as hers, was green, and did not see it change while she entered the intersection.  Pilczak could also see as he approached the intersection that eastbound traffic on West Park Avenue had a green light.

II.  The Collision

Cohen's vehicle, headed eastbound, and Strouch's vehicle, headed southbound, collided in the intersection.  Cohen testified that as she approached the intersection, she did not see Strouch's vehicle.  Cohen first noticed Strouch's vehicle approaching her from the left when it was ten feet away, or perhaps less than ten feet away -- only one or two seconds before impact.  She then slammed on her brakes.  Cohen testified that as a result of the collision, her car had dents on the left front fender and the driver's-side rear door.

Pilczak did not see the Strouch vehicle until it entered the intersection.  At the time, Pilczak was very close to the intersection, just a few feet away.  The Strouch vehicle passed in front of his vehicle as it entered the intersection.  Pilczak

4

stopped his vehicle upon seeing Strouch's vehicle.  He saw that the front of Strouch's vehicle came in contact with the driver's side of the Cohen vehicle, and that as a result of the accident, the Cohen vehicle was pushed from the center lane to the right lane of West Park Avenue.  Pilczak testified that the Strouch vehicle came to a rest after the accident in the center lane of West Park Avenue, facing south.

Strouch testified that she did not see the Cohen vehicle before there was contact between the two vehicles.  She noted that the front right corner of her vehicle was struck by Cohen's vehicle, but she did not know what part of Cohen's vehicle was impacted.  It is undisputed that as a result of the collision, Cohen sustained an injury.

DISCUSSION

I.   Summary Judgment Standard

A motion for summary judgment may not be granted unless all of the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); see El Sayed v. Hilton Hotels Corp., 627 F.3d 931, 933 (2d Cir. 2010).  The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the court must view all facts in the

light most favorable to the non-moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); El Sayed, 627 F.3d at 933. When the moving party has asserted facts showing that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot "merely rest on the allegations or denials" contained in the pleadings. Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009). That is, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only disputes over material facts -- facts that might affect the outcome of the suit under the governing law -- will properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009).

II. The Defendants' Negligence

"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law." Vainer v. DiSalvo, 914 N.Y.S.2d 236, 237 (2d Dep't 2010). New York's Vehicle and Traffic Law provides that traffic must stop when confronted with a steady red traffic light. N.Y. Veh. & Traf. § 1111(d)(1). A driver approaching an intersection must yield the right of way to a vehicle which has already entered the intersection from a

6

different route.  N.Y. Veh. & Traf. § 1140(a).  When two vehicles enter the intersection "at approximately the same time, [the] driver of the vehicle on the left shall yield the right of way to the vehicle on the right."  N.Y. Veh. & Traf. § 1400(b).

Strouch violated both § 1111(d)(1) and § 1140.  The eastbound traffic on West Park Avenue had a green light at the time of the collision.  Strouch, therefore, faced a red traffic light.  Not only does Strouch not contend that she had a green light to cross the intersection, but she conceded in her deposition that she likely drove in violation of a red light.

Furthermore, Cohen's vehicle had entered the intersection prior to Strouch.  Pilczak saw Strouch enter the intersection just in front of him, when he was only a few feet from the intersection.  Cohen's vehicle at that time was one or one and a half car lengths ahead of Pilczak, placing her already in the intersection at the time Strouch crossed his path.  Pilczak saw the front of Strouch's car hit the driver's side of Cohen's car, also indicating that Strouch had entered the intersection first.  The fact that in the collision, Cohen's vehicle was pushed out of the center lane of West Park Avenue southward into the right-hand lane is consistent with this observation.

The defendants assert in their briefs that Strouch's vehicle was in the intersection prior to Cohen, based on Cohen's testimony that she was just "at," not in, the intersection when

7

she first saw Strouch's vehicle, and that the photographs demonstrate that cars collided at their two front corners. First, although the defendants allege that Strouch's vehicle "must have been well into the left traffic lane of West Park Avenue" when Cohen first noticed it, Cohen's testimony does not indicate where Strouch's vehicle was at the time, and there is no evidence to suggest that it was not still in the section of the intersection bounded by the wide medians -- i.e., before entering the intersection with the eastbound traffic of West Park Avenue.  Second, the vehicle photos cited by the defendants fail to demonstrate that they collided at their front corners. The photos show that there was impact both to the front-left of the Cohen vehicle and to the driver's side by the rear door. There are no photos of the Strouch vehicle, and therefore no evidence of where it sustained impact other than Pilczak's testimony that the front of the Strouch car hit the driver's side of the Cohen vehicle.  Nonetheless, even if this was sufficient evidence to suggest that Cohen and Strouch had entered the intersection at about the same time, Strouch was still obligated under the vehicle and traffic laws as the driver of the "vehicle on the left" to yield to Cohen, and failed to do so.  N.Y. Veh. & Traf. § 1400(b).

Indeed, the fact that Strouch violated the Vehicle and Traffic Law is not seriously debated in the briefing on summary

8

judgment. The defendants "do not dispute that Strouch was at least partially responsible for the accident." Therefore, Strouch's negligence is established as a matter of law. Furthermore, because the defendants concede that Strouch was driving within the scope of her employment for DSI at the time of the collision, the negligence of DSI is also established as a matter of law under the doctrine of respondeat superior. See Hamm v. United States, 483 F.3d 135, 138 (2d Cir. 2007).

III. Comparative Negligence

The defendants contend that even if Strouch is found to have had some responsibility for the accident, summary judgment cannot be granted because there are triable issues of fact concerning the comparative negligence of Cohen in failing to use reasonable care to avoid the collision. After all, a "driver is required to see that which through proper use of his or her senses he or she should have seen." Vainer, 914 N.Y.S.2d at 237 (citation omitted).

But the law in New York is equally clear that "[a] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision." Id. (citation omitted). Two seconds, "[s]uch a brief period of time in which to react[,] is generally insufficient to raise a triable issue of fact with

9

respect to a driver's failure to take evasive action" and avoid a collision caused by another vehicle's violation of the traffic laws. Lupowitz v. Fogarty, 744 N.Y.S.2d 480, 481 (2d Dep't 2002); see also Yelder v. Walters, 883 N.Y.S.2d 290, 292 (2d Dep't 2009) ("a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision"). Furthermore, a defendant cannot defeat summary judgment by making "speculative assertions, unsupported by the record, that the plaintiff . . . failed to take reasonable evasive action to avoid the accident." Thompson v. Schmitt, 902 N.Y.S.2d 606, 607 (2d Dep't 2010).

    The defendants have failed to raise any genuine issue of disputed material fact that could raise the inference that Cohen had more than just one or two seconds to react to Strouch's vehicle entering the intersection in violation of the red light. They suggest that the fact that Pilczak was able to avoid hitting Strouch's vehicle is evidence that Cohen might also have had such an opportunity. But they ignore the fact that Pilczak was one or one and a half car lengths behind Cohen; not only did Pilczak therefore have more time than Cohen to react to seeing Strouch before he entered the intersection, but his location further back and in the left lane also would have provided a perspective on the intersection which allowed him to see Strouch

10

while still looking straight ahead, rather than turning to his left.  Furthermore, by the end of the collision, Strouch's vehicle had passed out of the path of his vehicle and came to a stop in the center lane of West Park Avenue.  It is therefore consistent with the evidence that Pilczak would be able to avoid hitting Strouch's vehicle even while Cohen would have insufficient time to react.

The defendants also assert that Cohen could not testify as to her speed; that Cohen denied that it was raining at the time of the collision despite evidence to the contrary; and that Pilczak testified that he did not see any indication that Cohen attempted to brake before the collision.  These allegations do not raise issues of disputed material fact.  There is no evidence that Cohen was traveling too quickly, and Cohen actually did testify as to her speed, stating that she was traveling about twenty-five miles per hour.  The defendants fail to explain the materiality of the weather conditions.  And whether or not Cohen actually engaged her brakes, failure to take evasive action by braking does not constitute comparative negligence when one has only a few seconds to react to an impending collision.[1]

---

[1] The defendants also mischaracterize Pilczak's testimony; he stated that he had not heard any braking or screeching from the Cohen vehicle, but did not deny that she braked before the collision.  His testimony therefore does not raise any fact to

The defendants also cite to case law supporting the principle that one driver's violation of the traffic laws does not entitle the other driver in a collision to a presumption of exclusive liability, and that the second driver may indeed be found liable if she failed to exercise reasonable care. E.g., Nevarez v. S.R.M. Mgmt. Corp., 867 N.Y.S.2d 431, 433 (1st Dep't 2008). But these cases are not relevant to the defendants' failure to raise any disputed issues of material fact that Cohen failed to exercise reasonable care.

CONCLUSION

Cohen's October 4, 2011 motion for partial summary judgment is granted.

SO ORDERED:

Dated:   New York, New York
         December 13, 2011

/s/ Denise Cote<br>
DENISE COTE<br>
United States District Judge

---

dispute Cohen's testimony that she did apply the brakes just before impact.